**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FEDERICO NAVARRO-GUEVARA,

Petitioner,

v. No. 1:26-cv-02973-MLG-SCY

WARDEN, Torrance County Detention Facility; MARY DE ANDA-YBARRA, El Paso Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, U.S. Attorney General,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**
**AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Federico Navarro-Guevara's Petition for a Writ of Habeas Corpus ("Petition"), filed September 9, 2026. *See* Doc. 1. Navarro-Guevara challenges his continued detention and seeks his immediate release. Federal Respondents[1] do not contest the facts or legal arguments presented in the Petition, including that Navarro-Guevara arrived in the United States approximately 30 years ago, was previously released on bond by an Immigration Judge, complied with all conditions of supervision, and was then re-detained by federal immigration authorities without any change in circumstances at an Immigration and Customs Enforcement ("ICE") appointment on March 3, 2026. Doc. 1 at 2, 7-8.

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than the Warden of Torrance County Detention Facility.

Given this, the Court concludes 8 U.S.C. § 1226(a) governs Navarro-Guevara's detention. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"). The Court further holds that Navarro-Guevara's re-detention after being released on bond violated his right to due process under the Fifth Amendment to the United States Constitution. *See, e.g.*, *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1082 (N.D. Cal. 2025) ("Even when the government has discretion to detain an individual, its subsequent decision to release the individual creates 'an implicit promise' that [they] will be re-detained only if [they] violate[] the conditions of [their] release." (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972))), *appeal filed sub nom.*, *Garcia v. Albarran*, No. 25-7868 (9th Cir. Dec. 16, 2025). The Court has addressed the process "necessary to ensure any deprivations of that protected liberty interest accords with the Constitution." *Diallo*, 2026 WL 608746, at *3 (internal quotation marks omitted) (quoting *Garcia Domingo v. Castro*, 806 F. Supp. 3d 1246, 1252 (D.N.M. 2025)). The *Mathews v. Eldridge*[2] balancing test guides this analysis. *See Diallo*, 2026 WL 608746, at *3-4. As in *Diallo*, the Court concludes that due process demands that Navarro-Guevara receive a pre-deprivation hearing because (1) Navarro-Guevara has a clear liberty interest in remaining out of custody; (2) the risk of erroneous deprivation under the procedures used here is high, and the probable value of additional procedural safeguards is considerable, given that Navarro-Guevara was re-detained despite Respondents' failure to provide any valid legal basis to justify his civil detention; and (3) Respondents' interest in detaining Navarro-Guevara is low because they have already determined that he is neither a flight risk nor a

[2] 424 U.S. 319, 335 (1976).

danger to the community, and the cost of a pre-deprivation hearing is minimal. *See id.*; *see also Pablo Sequen*, 806 F. Supp. 3d at 1082-90.

Because Navarro-Guevara did not receive a pre-deprivation hearing, *see* Doc. 1, his detention is an ongoing violation of his right to due process. *See Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce [a] [noncitizen] enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."). Federal Respondents argue that the "appropriate relief would be an order directing a bond hearing under 8 U.S.C. § 1226(a) before an immigration judge within a reasonable time." Doc. 7 at 1. But the Court concludes that immediate release is the appropriate remedy for the due process violation in this case. *See Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (providing that in habeas proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969))); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *Sosa v. De Azbarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than a bond hearing).

It is hereby ordered:

1. Respondents must immediately release (no later than forty-eight hours from this Order's filing) Navarro-Guevara from custody.

2. Upon Navarro-Guevara's release, Respondents must return all of his property, including any identification documentation, that was in his possession when he was detained.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA